UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS L. MARSHALL, JR., Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-01371-TAB-MPB |
| AARON HOOD in his official capacity as Interim Chief Administrative Officer of the Indiana Office of Judicial Administration, Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Thomas L. Marshall, Jr. seeks a preliminary injunction, requiring Defendant Aaron Hood, in his capacity as the administrator of the Indiana Office of Judicial Administration, to take certain actions regarding alleged "stigmatizing litigation-related characterizations presently associated with his statewide Odyssey party record." [Filing No. 7, at ECF p. 1.] Defendant opposes Plaintiff's motion and argues that Plaintiff has not demonstrated that he is entitled to a preliminary injunction. [Filing No. 31.] Because Plaintiff has not shown that he is likely to succeed on the merits or suffer irreparable harm, his motion for preliminary injunction [Filing No. 7] is denied.

**I. Background**

Plaintiff is an "active litigant in multiple Indiana state-court matters." [Filing No. 7, at ECF p. 11.] The Indiana Office of Judicial Administration, the department that Defendant heads, oversees the administrative needs of Indiana's state courts, including Indiana's statewide e-filing system Odyssey. In this lawsuit, Plaintiff asserts due process violations under 42 U.S.C. § 1983. [Filing No. 47-1.]

More specifically, Plaintiff alleges that Odyssey allows state judges and court staff to administratively "flag" or annotate cases and parties, without disclosing this information to the public or the individual litigants involved. [Filing No. 47-1, at ECF p. 19-21, 27.] At a March 18, 2025, protective order hearing in Marion Superior Court, Cause No. 49D10-2503-PO-10218, Plaintiff's then-wife accused Plaintiff of harassing her by filing a lawsuit against her and by abusing the civil process during their divorce proceedings. [Filing No. 7-1, at ECF p. 17-19.] While granting the protective order from the bench, the presiding magistrate judge stated, among other things, "[O]ther actions under the various civil matters, will now be viewed through a lense [sic] of is this, is this harassing, and does this constitute an abuse of process[.]" [Filing No. 7-1, at ECF p. 71.] Plaintiff alleges that, since the protective order hearing, Indiana courts have treated him with "presumptive suspicion." [Filing No. 7, at ECF p. 13.] He alleges that he has been flagged "as a presumptive harasser or abuser of process" within the Odyssey system and that this annotation is "accessible to judicial officers and court personnel throughout Indiana." [Filing No. 47-1, at ECF p. 8.] Plaintiff claims that judicial access to flags and annotations about him jeopardize his right to an impartial tribunal in his currently pending state court cases and that due process requires that he have notice and an opportunity to challenge the non-public information concerning him contained in the Odyssey system. [Filing No. 47-1, at ECF p. 29-35.]

Plaintiff's motion for preliminary injunction asks the Court to require Defendant to notify Plaintiff of "any stigmatizing litigation-related characterization presently associated with his statewide party record"; to mark such characterizations in Odyssey as "Contested – Subject to Pending Federal Due-Process Challenge"; to provide Plaintiff a procedure for challenging the

characterizations; and to refrain from adding new characterizations regarding Plaintiff. [Filing No. 7, at ECF p. 1-2.]

Defendant previously filed two motions to dismiss, which the Court denied as moot due to the filing of amended complaints. At a September 29, 2026, initial pretrial conference, Defendant indicated he will be filing a motion to dismiss Plaintiff's second amended complaint.

**II. Discussion**

"A preliminary injunction is 'an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)). "As a threshold matter, a party seeking a preliminary injunction must demonstrate (1) some likelihood of succeeding on the merits, and (2) that it has 'no adequate remedy at law' and will suffer 'irreparable harm' if preliminary relief is denied.'" *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992) (citing *Lawson Prods., Inc. v. Avnet, Inc.*, 782 F.2d 1429, 1433 (7th Cir.1986)). "If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied." *Id.* Plaintiff has not satisfied these threshold factors.

As to the likelihood of success on the merits, Defendant raises arguments similar to those raised in his past motions to dismiss. To start, Defendant argues that Plaintiff's constitutional claims are likely to fail because Plaintiff's access to state courts is not restricted, and "[i]t is not unconstitutional for a court to identify litigants who are intent on frivolous or abusive filing and curtail their ability to do so." [Filing No. 31, at ECF p. 2.] In support of this proposition, Defendant cites instructive cases upholding as constitutional administrative actions instituting screening procedures for filings from litigants deemed to have abused the judicial process. *In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003) (upholding an order restricting a frequent filer

from filing new civil cases that are frivolous or duplicative); *Matter of Davis*, 878 F.2d 211, 212-13 (7th Cir. 1989) (upholding an order requiring pre-filing screenings of a frequent filer's documents and describing the order as "a sensible and constitutional means of dealing with a litigant intent upon pressing frivolous litigation"). These cases underscore that the right to access courts is not unlimited, and litigants are "only entitled to meaningful access to the courts[.]" *See In re Chapman*, 328 F.3d at 905 (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

In his reply brief, Plaintiff attempts to distinguish these cases on the basis that they did not involve "undisclosed, State-maintained stigmatizing characterization[s] that is alleged to follow a person through statewide records systems without notice, disclosure, correction, or annotation procedures." [Filing No. 35, at ECF p. 1-2.] Despite some factual differences, the present case hinges on the same principle as in *In re Chapman* and *Matter of Davis*—due process only guarantees meaningful access to the courts. Plaintiff does not allege that he has been denied the ability to file cases, submit filings, or participate in hearings or that he otherwise lacks meaningful access to state courts. Thus, the Court has sufficient doubt on the viability of Plaintiff's claims to negate the threshold factor of likelihood of success on the merits.[1]

As further grounds for denying the motion for preliminary injunction, Plaintiff has not shown irreparable harm. Irreparable harm must be based on more than speculation. *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the

[1] Defendant makes additional significant challenges to Plaintiff's claims that further undermine the likelihood of success on the merits. However, having already found insufficient likelihood of success, the Court will defer any detailed discussion of these arguments until the anticipated motion to dismiss.

plaintiff is entitled to such relief."); *Liu v. Noem*, No. 1:25-cv-00716-JPH-TAB, 2025 WL 1141023, at *3-4 (S.D. Ind. Apr. 17, 2025) ("Plaintiffs have not shown non-speculative harm[,] which standing alone is generally not irreparable harm."). Plaintiff acknowledges that he has no proof of past prejudice yet alleges that "each future appearance in Indiana courts subjects him to *possible* prejudgment based on stigmatizing characterizations that he cannot see, challenge, or correct." [Filing No. 7, at ECF p. 9, 13 (italics added) ("I cannot confirm or deny whether any court relied on an Odyssey party-record characterization because I have no access to what judicial officers see when they access my party record.").] Thus, Plaintiff's claims are too speculative as to what, if any, harm could come of the alleged flags and annotations.

Moreover, the potential harm alleged—adverse rulings—is not irreparable because they can be appealed. Plaintiff has not been denied access to the appellate process. Indeed, Plaintiff alleges that the divorce court denied his motion for sanctions due to a stigmatizing characterization in Odyssey. [Filing No. 7, at ECF p. 4.] However, the Indiana Court of Appeals reversed that order, repairing any harm allegedly caused by an Odyssey characterization. [Filing No. 7-2.] Thus, Plaintiff has not shown that he is likely to suffer irreparable harm in absence of a preliminary injunction.

### III. Conclusion

For those reasons, Plaintiff has failed to show that he is entitled to the extraordinary remedy of a preliminary injunction. Plaintiff's motion for preliminary injunction [Filing No. 7] is denied.

Date: 10/7/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

THOMAS L. MARSHALL, JR.
3658 Crickwood Dr.
Indianapolis, IN 46268