UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS L. MARSHALL, JR., <br><br> Plaintiff, <br><br> v. <br><br> AARON HOOD in his official capacity as Interim Chief Administrative Officer of the Indiana Office of Judicial Administration, <br><br> Defendant. | ) | No. 1:26-cv-01371-TAB-MPB |

**ORDER ON PLAINTIFF'S RENEWED MOTION TO COMPEL**

Plaintiff Thomas L. Marshall, Jr., filed a renewed motion to compel Defendant Aaron Hood, the administrator of the Indiana Office of Judicial Administration, to provide more complete responses to Plaintiff's discovery requests. [Filing No. 64.] Defendant opposes the motion and argues that he has produced all responsive materials in his possession. [Filing No. 74.] For the reasons and to the extent discussed below, the Court grants Plaintiff's motion.

"Rule 34(a) of the Federal Rules of Civil Procedure requires parties to produce materials in their 'possession, custody, or control.' A party may have control of evidence under Rule 34(a) if they have the legal right to obtain the evidence." *Wilson-Love v. Dealer's Choice Truckaway System Inc.*, No. 1:24-cv-01084-SEB-TAB, 2026 WL 560938, at *1 (S.D. Ind. Feb. 27, 2026). Plaintiff's discovery requests seek disclosure of information contained in Indiana's statewide e-filing system Odyssey, including Odyssey notations pertaining to Plaintiff that are accessible to judges and court staff but not litigants or the public—which are central to the allegations in the operative complaint. Defendant's responses to this discovery provide little insight into this issue. Moreover, Defendant administers the agency that oversees the Odyssey system, setting policies

for the system and determining access to it. [Filing No. 59, at ECF p. 7-8, 33.] Thus, while Defendant did not design or create the Odyssey system, the information sought by Plaintiff appears to rest in Defendant's possession, custody, and control.

Defendant's responses to Plaintiff's discovery requests appear, at times, evasive and incomplete. For instance, instead of answering interrogatories about whether any non-public notations regarding Plaintiff exist and disclosing Defendant's policies, if any, regarding non-public litigant information stored in Odyssey, Defendant drafted a response arguing semantics about the discovery requests' definition of "party record." [Filing No. 65, at ECF p. 2-9.] Additionally, Defendant's document production was limited. He produced only a training manual and 39 pages of Odyssey screenshots. [Filing No. 65, at ECF p. 2.] Plaintiff contends that the Odyssey screenshots do not depict relevant tabs, comment sections, and data fields. [Filing No. 65, at ECF p. 5-11.] Plaintiff also contends that Defendant's Odyssey search was deficient because the attorney who conducted the search used inadequate search criteria and lacked the credentials needed to access notations available only to court personnel. [Id. at 5-6, 12-14 ("The August 7 verification was by the OJA's General Counsel, whose own screen prints show that the account used lacked rights to the party-record tabs it displayed.").]

Plaintiff argues that the manual produced by Defendant and his answer to the complaint suggest that Defendant has access to more materials than he produced. Plaintiff's opening brief outlines the evidence he believes indicates that Defendant's production is incomplete. [Filing Nos. 65.] However, Defendant's response brief is mostly generic. Simply saying that "Defendant produced all documents responsive to Plaintiff's requests and fully answered interrogatories" is not enough. [Filing No. 74, at ECF p. 3.] Defendant fails to address the substance of Plaintiff's arguments or rebut claims that Defendant's search for responsive

materials was deficient. Defendant has the Odyssey system at his disposal and has not informed the Court of any reason to believe that a more thorough and transparent Odyssey search would be unduly burdensome or otherwise unreasonable.

Plaintiff's discovery requests seek technical and nuanced information stored in the Odyssey system. Under the circumstances, the Court declines to detail the exact parameters of the supplemental discovery needed. The Court also declines to adopt the itemized supplementation outlined in Plaintiff's proposed order. [Filing No. 64-1.] Instead, the Court directs the parties to the Case Management Plan's provision on discovery of electronically stored information. [Filing No. 54, at ECF p. 4.] That ESI provision states as follows:

> Structured ESI is central to this case. Discovery will include party-level and case-level records, notes, flags, alerts, case-security designations, related-case and cross-reference associations, audit and history data, and Protection Order Registry data maintained in the Odyssey Case Management System and associated OJA administered systems, including backend or vendor-hosted data accessible to OJA directly or through its case management vendor. Plaintiff has served a proposed ESI/query protocol addressing structured-data production (native or structured format, with metadata and audit fields preserved), and the parties will confer regarding its terms. Production of nonpublic records will proceed under an appropriate protective order consistent with the Court's Uniform Protective Order.

[Id.] The CMP requires the parties to "confer" regarding the search protocol for ESI. However, in the present case, the Court has seen no evidence that Defendant conferred in good faith with Plaintiff regarding the search of the Odyssey system required by Plaintiff's discovery requests. Defendant conducted a search, but without consideration of Plaintiff's position. In response to Plaintiff's requests for supplemental searches and for clarity as to the parameters of Defendant's original search, Defendant merely claimed he produced all responsive material in his possession, without responding to the substance of Plaintiff's inquiry or attempting to negotiate search parameters.

For all these reasons, the Court determines that a more detailed and transparent search is necessary. Within 21 days of this order, Defendant shall confer with Plaintiff and conduct a thorough search of the Odyssey system in a good faith effort to locate materials responsive to Plaintiff's discovery requests and supplement his answers to Interrogatories Nos. 1-3. To that extent, Plaintiff's renewed motion to compel [Filing No. 64] is granted.

Date: 11/17/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

THOMAS L. MARSHALL, JR.
3658 Crickwood Dr.
Indianapolis, IN 46268